UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOINE JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL BAXTER, JR. EAST ST. LOUIS POLICE DEPARTMENT, CITY OF EAST ST. LOUIS, CHIEF OF POLICE OF EAST ST. LOUIS, ALVIN PARK,<br><br>    Defendants. | Case No. 19-cv-00131-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for a More Definite Statement (Doc. 27). After the Court entered an order to show cause after Plaintiff Antoine Johnson ("Plaintiff" or "Johnson") failed to respond, Plaintiff eventually responded to the order to show cause and motion for more definite statement on March 11, 2022 (Doc. 37).

**I.    Background**

Plaintiff filed the Complaint (Doc. 2) on February 5, 2019. Plaintiff filed a claim pursuant to 42 U.S.C § 1983 based on allegations that occurred on February 18, 2018, in East St. Louis (Doc. 2). Plaintiff alleges officers "without warning" started to fire weapons into Plaintiff's vehicle. Plaintiff allegedly suffered with multiple injuries after being shot, including glaucoma and cataracts as a result of bullet fragments still left in his eye. *Id*. Plaintiff states that Officer Michael Baxter put him and others in danger by opening fire "without probable cause. *Id*. Defendants were later issued summons on November 12, 2021. Defendants entered their appearance on November 30, 2021, and filed a motion for a more definite statement (Doc. 27). Defendants state that "Defendants cannot ascertain what harm is alleged, nor what remedy is

suggested." *Id*. Plaintiff has responded at Doc. 37. He states that he wishes all parties to be "relieved of their duties" and $20 million for pain and suffering and medical distress. *Id*.

**II.      Analysis**

Motions for more definite statement are governed by Rule 12(e) of the Federal Rules of Civil Procedure, which provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." FED. R. CIV. P. 12(e). Motions for a more definite statement are generally disfavored, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). Rule 12(e) motions are not to be used as substitutions for discovery. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice & Procedure § 1376 at 737–41 (1969).

"Where the complaint is specific enough to apprise the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012*); see also E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007) ("Most details are more efficiently learned through the flexible discovery process."); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving."). Moreover, a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted).

Plaintiff's allegations may not all be true, and they may not state a claim upon which relief can be granted, but they are not "so vague or ambiguous" that Defendants cannot reasonably prepare a response. Plaintiff has provided the date, time, place, and officer involved related to the incident. Additionally, Plaintiff has provided monetary damages requested ($20 million). He also has provided details regarding the health consequences as a result of this shooting.

"The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking detail." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1121 (E.D. Cal. 2012). Additionally, Johnson's complaint "need not identify the applicable law," *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017), nor match facts to every element of a legal theory, *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

Finding that the Plaintiff's allegations are not "so vague and ambiguous," the Court hereby **DENIES** Defendants' Motion for a More Definite Statement (Doc. 27).

### III. Conclusion

The Court hereby:

- **DENIES** Defendants' Motion for a More Definite Statement (Doc. 27);
- **ORDERS** Defendants to Answer Plaintiff's Complaint within 14 days entry of this Order.

**IT IS SO ORDERED.**
**Dated: April 1, 2022**

/s/ J. Phil Gilbert
J. PHIL GILBERT
DISTRICT JUDGE